MILLS, Justice,
specially concurring:
¶ 18. While I agree with the decision reached by the majority in this case, I write separately because the majority has used an incorrect standard in determining that the trial court erred in denying McCord’s motion in limine.
¶ 19. The majority correctly states the two-part test for granting a motion in limine, which should be granted only when “(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury.” Whittley v. City of Meridian, 530 So.2d 1341, 1344 (Miss.1988) (quoting State v. Massey, 242 Kan. 252, 747 P.2d 802, 810 (1987)). However, the majority then states that its determination is whether the evidence sought to be excluded by McCord’s motion in limine “would be either inadmissible under the rules of evidence or prejudicial to her case.” (emphasis added). The majority concludes that because the evidence would be highly prejudicial to McCord, the motion in limine should have been granted. This simply is not the correct standard.
¶ 20. To be sure, any evidence sought to be introduced against a party is almost certain to be prejudicial to that party’s case. Such is the inherent nature, and in fact the very purpose, of evidence. The question for purposes of a motion in limine, however, is whether the evidence is highly prejudicial and inadmissible. The majority fails even to mention the admissibility, or lack thereof, of the evidence sought to be excluded by McCord’s motion in limine. However, because the testimony indicating that threats to blow up McCord’s house were drug-related is inadmissible hearsay, the majority is correct in finding that the trial court should have granted McCord’s motion in limine to exclude the evidence.
DAN LEE, C.J., and SULLIVAN, P.J., join this opinion.